UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GORDON BEASLEY, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:19-CV-1687-JAR |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by plaintiff Gordon Beasley, an inmate at the Boonville Correctional Center. For the reasons explained below, the Court will allow plaintiff to proceed in forma pauperis in these proceedings, and will assess an initial partial filing fee of $1.27. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

This case originated in the United States District Court for the Western District of Missouri, where plaintiff filed the instant complaint on or about May 30, 2019. On June 5, 2019, the Honorable Brian C. Wimes entered an order transferring the case to this Court on the basis of venue. Judge Wimes also granted plaintiff provisional leave to proceed in forma pauperis.

This Court has reviewed the Financial Affidavit that plaintiff filed, and has determined to allow plaintiff to proceed in forma pauperis in these proceedings. The Court has also reviewed plaintiff's certified inmate account statement, which shows an average monthly deposit of $6.35 and an average monthly balance of $6.00. The Court will therefore assess an initial partial filing fee of $1.27, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

2

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the State of Missouri, "Monolitic et al.," the Missouri State Trooper's Association, the Crawford County Sheriff's Department, and the Crawford County Prosecutor's Office. He claims he was wrongfully charged with driving while intoxicated in December of 2017. He cites the Missouri state criminal case *State v. Gordon L. Beasley,* No. 18CF-CR00085 (42nd Jud. Cir. 2019). There, plaintiff was charged in the Circuit Court of Crawford County with the class B misdemeanor of driving while intoxicated ("DWI") and 9 other traffic-related offenses, but the prosecuting attorney later dismissed the DWI charge. Plaintiff alleges this was because the prosecuting attorney realized that the toxicology report was negative. Plaintiff pled guilty to the remaining 9 charges, and was fined.

Plaintiff alleges that because the Missouri State Trooper's Association, Crawford County Sheriff's Department and Crawford County Prosecutor's Office acted in bad faith and rushed to

3

judgment, he was charged with DWI without supporting evidence. He writes: "falsifying a probable cause under oath by state trooper who in return turned over probable cause statement without investigating the offense prior to giving the toxicology report to the" prosecutor, and that a state trooper "falsified fictitiously and with fraudulent means filed a false report" and plaintiff was wrongfully charged with DWI without supporting evidence. Plaintiff repeatedly alleges he should never have been charged with DWI, and he states he suffered emotional stress and fear of being convicted of a crime he did not commit. He seeks monetary relief.

**Discussion**

Plaintiff has named the State of Missouri and the Missouri State Trooper's Association as defendants. However, the Eleventh Amendment bars claims against a state and its agencies. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)). Accordingly, plaintiff's claims against the State of Missouri and the Missouri State Trooper's Association will be dismissed.

Plaintiff has also named as a defendant an entity he identifies as "Monolitic et al." However, plaintiff provides no information tending to identify this defendant, and the Court is unaware of any entity with this name. The Court therefore cannot say that "Monolitic et al." is an actual entity that is amenable to suit. Plaintiff's claims against "Monolitic et al." will therefore be dismissed.

Plaintiff has also named the Crawford County Sheriff's Office as a defendant. However, this entity is a municipal department of Crawford County, Missouri, and is not itself an entity that

can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (sheriff's departments are not usually considered legal entities subject to suit under § 1983). Plaintiff's claims against the Crawford County Sheriff's Office will therefore be dismissed.

Plaintiff has also named the Crawford County Prosecuting Attorney's Office as a defendant. This Court has held that a Missouri county prosecutor's office lacks the capacity to sue or be sued under state law and under 42 U.S.C. § 1983, and is an administrative arm of the county that is treated the same as other non-suable entities "such as a county sheriff's department . . .". *Kaminsky v. State of Missouri,* 2007 WL 2956404, at *2,3 (E.D. Mo. Oct. 5, 2007); *see also Stockley v. Joyce,* 2018 WL 4300323, at *3 (E.D. Mo. Sept. 10, 2018) (applying the reasoning of *Kaminsky* to determine that the Office of the Circuit Attorney is not a legal entity amenable to suit under 42 U.S.C. § 1983); *Hancock v. Washtenaw Cnty. Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (a prosecutor's office is not a legal entity amenable to suit under § 1983). Plaintiff's claims against the Crawford County Prosecutor's Office will therefore be dismissed.

Even if plaintiff had brought the claims in the complaint against a proper defendant, the complaint would be subject to dismissal. Plaintiff's unsupported allegations that a law enforcement officer "falsified" a police report or other document and used "fraudulent means" to do so amount only to legal conclusions. Plaintiff fails to allege even the most basic of facts, such as identifying a particular statement he believes was false. Instead, plaintiff offers only speculative and conclusory allegations. This type of pleading does not state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Even a pro se plaintiff is required to allege facts

in support of his claims, and this Court will not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15.

Finally, a prosecuting attorney would be immune from plaintiff's claim that he was wrongfully charged with DWI. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"). Allegations that the prosecutor acted in bad faith or even maliciously would not save such claims. *See Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity).

After carefully reading and liberally construing the complaint, the Court concludes that it is subject to dismissal, and that the problems with the complaint would not be cured by permitting plaintiff to file an amended pleading. The Court will therefore dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Because plaintiff has stated no federal cause of action, the Court declines to take jurisdiction over any supplemental state law claims plaintiff can be understood to bring. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed in forma pauperis in these proceedings.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.27 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of September, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE